# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERRICK JONES,

    Plaintiff,

v.                                                            Case No. 15-C-1048

THOMAS CAMPBELL,

    Defendant.

## ORDER DISMISSING CASE

On August 28, 2015, Plaintiff filed a pro se prisoner complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated when a correctional officer used a X26 taser on Plaintiff while he was restrained. On October 29, 2015, this Court screened Plaintiff's complaint and allowed him to proceed on his claim that Defendant's use of the X26 violated the Eighth Amendment and additional state laws. This case comes before the court on Defendant's motion to dismiss based on Plaintiff's failure to file within the applicable statute of limitations. For the reasons set forth below, Defendant's motion will be granted.

## FACTUAL BACKGROUND

Plaintiff claims that on February 5, 2009, Defendant Thomas Campbell, a lieutenant at Green Bay Correctional Institution, used a model X26 electronic control/immobilization device (X26) on Plaintiff while he was fully secured in a restraint chair. The X26 is a less-lethal use of force option intended to be used to immobilize and gain physical control of an inmate by delivering a 75,000 volt electrical shock. After removing the projectile cartridge, Defendant allegedly unfastened the left shoulder strap of Plaintiff's suicide prevention gown and applied the device directly to the bare skin

on the back of Plaintiff's left shoulder. Use of the device allegedly left an electrical burn on Plaintiff's shoulder. Plaintiff alleges that he was subsequently forced into bed restraints in the supine position, where he laid naked for six hours on a rubber mat.

## ANALYSIS

"Although the statute of limitations is ordinarily an affirmative defense that must be pleaded under Fed. R. Civ. P. 8(c), a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (citing *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000)). Because "complaints need not anticipate and attempt to plead around defenses," *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004), a motion to dismiss based on failure to comply with the statute of limitations should be granted only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). To lose on a statute of limitations defense at the pleadings stage, "the plaintiff must affirmatively plead himself out of court." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014).

Actions under § 1983 are governed by analogous state statutes of limitations and tolling doctrines. *Wallace v. City of Chicago*, 440 F.3d 421, 424 (7th Cir. 2006); *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir. 1998). Under Wisconsin law, the statute of limitations for a § 1983 claim is six years. *See Gray v. Lacke*, 885 F.2d 399, 407–409 (7th Cir. 1989); Wis. Stat. § 893.53 ("An action to recover damages for an injury to the character or rights of another, not arising on contract, shall be commenced within 6 years after the cause of action accrues, except where a different period is expressly prescribed, or be barred.").

Defendant contends that this case should be dismissed because Plaintiff has failed to comply with Wisconsin's statute of limitations. The alleged incident in this case took place on February 5, 2009. Pursuant to the statute of limitations in Wisconsin, Plaintiff had until February 2015 to file a timely § 1983 claim. Plaintiff filed the complaint in this case on August 28, 2015, over six months after the expiration of the relevant statute of limitations. Therefore, according to Defendant, Plaintiff has failed to comply with relevant statute of limitations.

Plaintiff disagrees with this analysis, arguing that the statute of limitations in this case was tolled while he pursued administrative remedies. Plaintiff contends that he exhausted his administrative remedies on August 28, 2010 by filing an inmate complaint directly to the secretary of the Wisconsin Department of Corrections pursuant to Wis. Stat. § 301.29(3). Compl. ¶ 17, (ECF No. 1. Therefore, according to Plaintiff, his prisoner complaint was well within the statute of limitations provided for by Wisconsin law.

Plaintiff's argument is incorrect and based on a misunderstanding of Wisconsin law and the exhaustion requirement. To begin, Plaintiff does not claim to have pursued any administrative avenues other than Wis. Stat. § 301.29(3). But under Wisconsin law, the Inmate Complaint Review System (ICRS)—not § 301.29(3)—provides the process for exhausting administrative remedies for prisoner complaints. *See* Wis. Admin. Code DOC § 310; *Johnson v. Litscher*, 260 F.3d 826, 829 (7th Cir. 2001). In contrast, § 301.29(3) empowers the department to investigate the affairs of any institution and requires that any mail addressed to the secretary be delivered unopened. Furthermore, Plaintiff's interpretation of the relation between § 301.29(3) and the exhaustion requirement is nonsensical. Wis. Stat. § 301.29(3) provides no limit to the number of letters that can be written and no time limits for resolving grievances, so according to Plaintiff it could perpetually

toll the statute of limitations for prisoner complaints. In short, Plaintiff's argument that the statute of limitations was tolled while he exhausted his administrative remedies necessarily fails. Therefore, it is indisputable that Plaintiff's claims are time-barred and this case must be dismissed.

**ORDER**

**IT IS THEREFORE ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

Dated at Green Bay, Wisconsin this   24th   day of April, 2016.

                                         s/ William C. Griesbach
                                         William C. Griesbach, Chief Judge
                                         United States District Court